IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS G. MOODY,**

    **Plaintiff,**

                                  Case No. 2:18-cv-72
                                  Judge James L. Graham
    v.                                Magistrate Judge Elizabeth P. Deavers

**MR. EVANS,** *et al.***,**

    **Defendants.**

## ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Thomas G. Moody, a state inmate who is proceeding without the assistance of counsel, seeks to file a civil action without prepayment of fees or costs. Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 1, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk is **DIRECTED** to file the Complaint (ECF No. 1-1.)[1] However, having performed the initial screen of the Complaint required by 28 U.S.C. § 1915(e), for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims for failure to assert any claim on which relief may be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

---

[1] ECF No. 1 also appears to include a document described in the docket text as an "Amended Complaint." (ECF No. 1-2.) However, that document appears to be identical to the original Complaint (ECF No. 1-1).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, Defendant "Mr. Guy" issued several restrictions against Plaintiff resulting from Plaintiff's purported violation of "Rule #61[,]" including isolation and restrictions on the commissary, visitation rights, receiving packages, using the telephone, and the showers. (Complaint, ECF No. 1-1, at PAGEID ##2–3 ("Compl.").) Defendant "Mr. Evans"

3

purportedly wrote a conduct report regarding Plaintiff's alleged violation, but neither Defendant provided Plaintiff with a copy of that report or gave Plaintiff written notice of his alleged violation. (*Id*.) Plaintiff contends that he has "an interest in ensuring that I am only punished for a disciplinary violation of which I am actually guilty of" and that he, as a prisoner, is entitled to certain procedural safeguards during disciplinary proceedings. (*Id*. at PAGEID # 3 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974).) Plaintiff asserts that Defendants Mr. Guy, Mr. Evans, and the state of Ohio violated his rights under the Due Process Clause to the Fourteenth Amendment to the United States Constitution. (*Id*.)

As a preliminary matter, the Undersigned concludes that Plaintiff has failed to state a claim upon which relief may be granted against Defendant state of Ohio. The Eleventh Amendment to the United States Constitution precludes a private party from bringing suit against a state or any of the state's agencies unless the state has expressly consented to the suit or Congress has properly abrogated the state's sovereign immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity. *Mixon v. Ohio*, 193 F. 3d 389, 397 (6th Cir. 1999).

In addition, Plaintiff's due process claims concerning the prison disciplinary proceedings fail to state a claim of relief. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).

Plaintiff's due process claim fails because he has not identified a constitutionally protected liberty interest that the disciplinary proceedings implicated. "Failing to follow proper

4

procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574, 576 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Rather, "[a]n inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "To determine whether changed conditions are 'atypical and significant,' a reviewing court considers both the duration and the nature of the more restrictive confinement relative to 'prison norms and to the terms of the individual's sentence.'" *Id*. (quoting *Harden-Bey v. Rutter*, 524 F.3d 789, 792–93 (6th Cir. 2008).

Here, Plaintiff complains of being placed in isolation and restrictions on the commissary, visitation rights, receiving packages, using the telephone, and the showers. While isolation and the other restrictions may inconvenience him, none of these restrictions rise to the level of a protected liberty interest. *See Williams*, 526 F. App'x at 562; *Sandin*, 515 U.S. at 484; *see also Marcum v. Jones*, No. 1:06CV108, 2006 WL 543714, at *3 (S.D. Ohio Mar. 3, 2006) (finding that the inmate plaintiff "failed to state a due process claim in connection with his allegation that his was placed in disciplinary isolation without receiving a written statement of the facts concerning the alleged offense").

### III.

For the reasons explained above, Plaintiff's Complaint fails to assert any claim on which relief may be granted. It is therefore **RECOMMENDED** that this action be dismissed for failure to assert any claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: February 9, 2018         /s/ *Elizabeth A. Preston Deavers*
                               ELIZABETH A. PRESTON DEAVERS
                               UNITED STATES MAGISTRATE JUDGE