IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Thomas G. Moody,

    Plaintiff,

    v.                                    Case No. 2:17-cv-72

Mr. Evans, et al.,

    Defendants.


ORDER

Plaintiff, an Ohio state inmate, brings the instant civil action pursuant to 42 U.S.C. §1983 against two employees of the Ohio Department of Rehabilitation and Correction ("OCRC"), Mr. Evans and Mr. Guy. Plaintiff alleges that Mr. Guy issued restrictions resulting from plaintiff's alleged violation of Rule "#61[,]" resulting in sanctions which included isolation and restrictions on the commissary, visitation rights, receiving packages, using the telephone, and showers. Plaintiff alleges that these defendants violated his due process rights by failing to provide him with a written statement of the alleged violation.

On February 9, 2018, the magistrate judge filed an initial screen report and recommendation pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge concluded that to the extent that plaintiff sought to proceed against the State of Ohio as a defendant, his claims were barred by the Eleventh Amendment. Doc. 8, p. 4. The magistrate judge further found that the complaint

failed to allege a due process claim because plaintiff did not identify a constitutionally protected liberty interest which was implicated by the disciplinary proceedings. Doc. 8, pp. 4-5. The magistrate judge recommended that this action be dismissed for failure to assert a claim on which relief may be granted. Doc. 8, p. 5.

After the report and recommendation was filed, plaintiff filed a document styled as "STATEMENT OF THE CASE/FACTS." See Doc. 10. The court will construe this filing as an objection to the report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6)

construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). The court may dismiss an action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) where there is no basis for federal jurisdiction apparent on the face of the complaint. Carlock v. Williams, 182 F.3d 916, 1999 WL 454880, *2 (6th Cir. 1999).

The court finds that the magistrate judge correctly concluded that any claim against the State of Ohio is barred by the Eleventh Amendment. The court also agrees with the finding in the report and recommendation that the failure to provide plaintiff with written notice of his disciplinary infraction is insufficient to establish an infringement of a liberty interest subject to redress under §1983. See Marcum v. Jones, No. 1:06CV108, 2006 WL 543714, *3 (S.D. Ohio Mar. 3, 2006). In his objection, plaintiff offers no argument as to why the conclusions of the magistrate judge are erroneous. Rather, citing several federal criminal provisions under Title 18 of the United States Code, he requests that criminal charges be filed against the defendants. However, there is no right to bring a private cause of action under a federal criminal

statute, <u>see</u> <u>Airtrans, Inc. v. Mead</u>, 389 F.3d 594, 598 (6th Cir. 2004), nor can this court order that such charges be filed.

In accordance with the foregoing, the report and recommendation (Doc. 8) is adopted. Plaintiff's objection (Doc. 10) is overruled. This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and Rule 12(h)(3) for failure to state a claim for which relief may be granted. The clerk shall enter judgement dismissing this case.

Date: March 12, 2018          <u>       s/James L. Graham      </u>
                                 James L. Graham
                                 United States District Judge