IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Thomas G. Moody,

    Plaintiff,

  v.                            Case No. 2:18-cv-72

Mr. Evans, et al.,

    Defendants.

OPINION AND ORDER

This is a civil action brought under 42 U.S.C. §1983 by plaintiff, an Ohio state inmate, two employees of the Ohio Department of Rehabilitation and Correction. In an order filed on March 12, 2018, the court adopted the initial screen report and recommendation of the magistrate judge and dismissed this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3) for failure to state a claim for which relief may be granted. A judgment dismissing this case was also filed on March 12, 2018. On March 20, 2018, plaintiff submitted a memorandum arguing that the judgment is void. The court will consider this memorandum as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4).

Plaintiff contends that the court acted as counsel for the defendant and rendered summary judgment without receiving a response from the defendants. He argues that the judgment is void because the court did not follow the procedures for summary judgment, or consider any depositions, admissions or affidavits. He further contends that the court's ruling was based on a 2017 case, not the facts in 2:18-cv-72.

These arguments are not well taken. No summary judgment

proceedings were pending in this case.  This matter came before the court on the initial screening procedure mandated under 28 U.S.C. §1915A.  Section 1915A provides that the "court shall review, ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  §1915A(a).  Section 1915A further mandates: "On review, the court shall ... dismiss the complaint ... if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; (2) seeks monetary relief from a defendant who is immune from such relief."  In addition, 28 U.S.C. §1915 provides that "the court shall dismiss the case at any time" if the court determines that the action fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  No response from the defendants was required for this initial screening review.  This court acted properly within its jurisdiction under these provisions in reviewing the complaint and in determining that the complaint failed to state a claim upon which relief may be granted.

As to the plaintiff's argument that the court relied on facts from another case, the court notes that the order filed on March 12, 2018, contains a typographical error in the case number in the caption.  The number in the caption is Case No. 2:17-cv-72, and the correct case number is 2:18-cv-72.  The order was correctly filed on the docket for Case No. 2:18-cr-72.  The order was based on the facts alleged in the complaint which was filed in this case.  <u>See</u> Docs. 1 and 7.  The typographical error in the case number in the caption does not constitute a valid ground for voiding the judgment.  The court has prepared a nunc pro tunc order which

reflects the correct case number, and the clerk is directed to enter this order on the docket.[1]

Plaintiff has not shown that the judgment in this case is void, and plaintiff's Rule 60(b) motion (Doc. 13) is denied.

Date: March 21, 2018                s/James L. Graham
                                    James L. Graham
                                    United States District Judge

---

[1] To ward off any additional confusion concerning the case numbers in this action, the court also notes that this case was originally filed in the United States District Court for the Southern District of Ohio, Western Division, and was assigned the case number 1:17-cv-782, the number which appears on the complaint. The case was transferred to the Southern District of Ohio, Eastern Division, pursuant to S.D. Ohio Local Rule 82.1, see Doc. 6, at which time it was reassigned its current case number, 2:18-cv-72.